UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY L. CUMMINGS,

      Plaintiff,

v.

      Case No. 2:23-cv-10514
      District Judge David M. Lawson
      Magistrate Judge Anthony P. Patti

CITY OF FLINT POLICE
DEPARTMENT, MICHAEL
TISDALE, JASON PLETCHER,
DOUGALS SANTIAGO,

      Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO DISMISS (ECF No. 21 and 39)

### I.    RECOMMENDATION:

The Court should **GRANT** Defendants' motions to dismiss. (ECF No. 21 and 39.)

### II.    REPORT

#### A.    Background

Plaintiff Jerry L. Cummings, proceeding *in pro per*, filed the instant action on March 2, 2023, against the City of Flint Police Department, "Municipal Corporation," Michael Tisdale, Jason Pletcher, and Douglas Santiago.  The case arises out of a domestic dispute between Plaintiff and Tiffany Williams which occurred on May 19, 2018  (ECF No. 1, PageID.8)  According to the complaint, a

physical altercation occurred at Ms. Williams's home and, rather than report it to the police, she informed the General Motors labor department ("GM"), where both Williams and Plaintiff worked.  (*Id.*)  GM asked if she wanted to call the hospital and, after she declined, GM informed her that they were required to contact the police pursuant to their employment policies.  (*Id.* at PageID.9.)

Defendant Officers Michael Tisdale and Jason Pletcher from the Flint Police Department were dispatched, took Williams's statement, and advised her she would need to go to the Flint Police Department to make a formal complaint. (*Id.*) Although they filed a police report, Defendants Tisdale and Pletcher took no further action on the incident.  (*Id.* at PageID.9,10.)  GM advised Plaintiff to stay away from Williams while at work.  (*Id.* at PageID.9.)  On May 31, 2018, Ms. Williams obtained a Personal Protection Order ("PPO") against Plaintiff, and on June 11, 2018, she went to the Flint Police Department and met with Defendant Sergeant Douglas Santiago.  (*Id.*)  Defendant Santiago "prepared a complaint on June 19, 2018, and went before a magistrate and swore to the allegations in the complaint."  (*Id.* at PageID.9-10.)  A subsequent Preliminary Examination resulted in Plaintiff being bound over for trial.  Plaintiff initially entered a no contest plea to disorderly conduct, but contends that he "appealed" that plea and the appeal was "granted."  (*Id.* at PageID.11.)  (Defendant Santiago explains in his filings that the plea was accepted, but the conviction was later vacated and the case recharged.)

2

(ECF No. 39, PageID.161.)  In any event, after a jury trial, Plaintiff was acquitted of all charges on November 9, 2021.  (ECF No.1, PageID.10.)

On July 8, 2021, a few months before the jury trial concluded, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in this district, which was dismissed by stipulation "while the parties await the outcome of the pending criminal matter" on October 20, 2021.  (2:21-cv-11598, ECF No.5, PageID.27; ECF No.9.)

Plaintiff contends that, in response to a FOIA request, he received a copy of the original complaint filed by Defendant Santiago on June 19, 2018.  (ECF No.1, PageID.10.)  According to Plaintiff, attached to the complaint is a handwritten note, signed by Santiago, stating, "Just heads up, parents – out county LE & insist we do something even though she made 1st physical assault throwing shoe box – so submitting for review [smiley face]."  (*Id.*)  Plaintiff states this information was not provided during discovery or at trial.  (*Id.*)  Plaintiff does not indicate when he made the FOIA request or when he received the response.

Plaintiff alleges that Defendant Santiago "felt pressured to pursue the complaint, even though there was not sufficient evidence to support it," because the "alleged victim's father is a policeman."  (*Id.* at PageID.11.)  Plaintiff further alleges that when Santiago called him about Williams's complaint, Plaintiff stated that he denied assaulting Williams and that he "only sought to restrain her from

3

further attacking him because she found out he was involved with another female at their place of employment." (*Id.*)  Plaintiff claims that Defendant Santiago failed to investigate the circumstances of the alleged assault, and submitted statements under oath knowing that there was no evidence to support them, thereby causing criminal charges to be filed against Plaintiff.  (*Id*. at PageID.12.)

Plaintiff brings: claims for Abuse of Process/Malicious Prosecution against Defendants Santiago, Tisdale, and Pletcher under 42 U.S.C. § 1983 (Count I); a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) against the City of Flint and/or the Flint Police Department under 42 U.S.C. § 1983 (Count II); a claim alleging violations of the Equal Protection Clause of the Fourteenth Amendment against unspecified defendants (Count III); a state law claim for negligent infliction of emotional duress against "Defendants" (Count IV);  and, a state law claim for intentional infliction of emotional distress against "Defendants" (Count V).  (ECF No. 1.)

The case was assigned to Judge David M. Lawson, who referred it to me for all pretrial proceedings on April 7, 2023.  (ECF No. 17.)

On April 27, 2023, Defendants City of Flint Police Department, Michael Tisdale, and Jason Pletcher filed a motion to dismiss.  (ECF No. 21.)  After the remaining individual defendant, Douglas Santiago, was served, he filed his own motion to dismiss on July 19, 2023.  (ECF No. 39.)

**B.      Standard**

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations" but must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). To make this determination, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the

Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented, nor may courts construct the plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dep't*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.) (internal citations omitted); *see also Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

## C. Discussion

### 1. Defendants' initial motion to dismiss (ECF No. 21)

#### a. City of Flint Police Department

Defendants first argue that any claims against the City of Flint Police Department must be dismissed as it is not a legal entity capable of being sued.  It is indeed well established that under Michigan law, a police department is not a legal entity against whom a §1983 suit may be directed.  *See Boykin v. Van Buren Twp*., 479 F.3d 444, 451 (6th Cir. 2007) ("Van Buren Township Police Department is subsumed within Van Buren Township as a municipal entity to be sued under § 1983, and thus the Police Department was improperly included as a separate defendant in [the plaintiff's] suit."); *see also Laise v. City of Utica*, 970 F.Supp. 605, 608 (E.D. Mich.1997) (finding that a city police department is merely an agency of the city, and therefore is not a proper defendant in a § 1983 lawsuit); *Haverstick Enterprises v. Financial Fed. Credit,* 803 F.Supp. 1251 (E.D. Mich. 1992) (dismissing a case against the City of Romulus Police Department because the police department is not a legal entity against whom a suit can be directed).

In response to Defendants' motion, Plaintiff argues that he has asserted a *Monell* claim "based on the Flint Police Department[']s failure to train Defendants Michael Tisdale, Jason Pletcher, and Douglass Santiago," and asserts that the Supreme Court recognizes such a claim.  (ECF No.24, PageID.103.)  However, that fact that the Supreme Court recognizes, under certain circumstances, that litigants may bring a *Monell* claim for failure to train, does not mean that Plaintiff

has properly brought such a claim in this case, nor does it mean that he named the correct entity.

Here, Plaintiff did not pursue the case against the correct entity. The caption of the Complaint lists "City of Flint Police Dept." as well as "Municipal Corporation," (ECF No.1, PageID.1), but a summons issued only for "Flint Police Department." (ECF No. 4.) Plaintiff's Complaint lists only "Flint Police Department" and "City of Flint Police Department" as Defendants, but purports to bring Count II against both "the City of Flint" and "the Flint Police Department." (ECF No.1, PageID.8 & PageID.14.) While there is some ambiguity in the Complaint, there has been no summons issued for the City of Flint, nor has it been served with the Complaint, *nor is the City of Flint listed as a Defendant* with the other Defendants in the portion of the Complaint where Plaintiff lists the defendants. (*Id.* at PageID.7-8.) The goal of the complaint is to "'give the defendant fair notice of what the … claim is and the grounds upon which it rests[.]'" *Bell Atlantic Corp. v. Twombl*y, 550 U.S. 544, 555 (2007) (quoting *Conley* v. *Gibson,* 355 U.S. 41, 47 (1957)). The Complaint as drafted does not give the City of Flint notice that it is a party Defendant in this action, and the City of Flint Police Department is not a proper entity. As such any claims against the City of Flint Police Department must be dismissed.

> **b.** **Count I: Abuse of Process/Malicious Prosecution**

Defendants next argue that Plaintiff's complaint fails to allege sufficient facts against Defendants Tisdale and Pletcher to state a claim on which relief can be granted.  (ECF No.21, PageID.69.)  The only claim specifically asserted against Tisdale and Pletcher is Count I, which is entitled "Abuse of Process/Malicious Prosecution."  (ECF No. 1, PageID.13.)  Defendants argue that the allegations set forth in the Complaint do not provide any specific factual allegations against Tisdale and Pletcher and, rather, are either directed solely at Defendant Santiago or refer to "Defendants" in the collective.  The Court should agree.

First, with respect to Defendants Tisdale and Pletcher, Plaintiff makes no specific allegations as to how their conduct constituted abuse of process or malicious prosecution.  Further, it is not clear whether Plaintiff's abuse of process claim is brought under Michigan or Federal law, but it does not matter as any claim under §1983 would mirror that of state law.  *See Garcia v. Thorne,* 520 Fed. App'x 304, 311 (6th Cir. 2013).  To establish a claim for abuse of process under Michigan law, a plaintiff must prove: "(1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding." *Friedman v. Dozorc*, 412 Mich. 1, 30, 312 N.W.2d 585, 594 (1981).  However, the Complaint alleges no facts against Tisdale or Pletcher which indicate that they personally engaged in any actions constituting abuse of process.

9

Indeed, the only specific allegations against Defendants Tisdale and Pletcher are that they were dispatched, took Williams's statement, and advised her she would need to go to the Flint Police Department to make a formal complaint. (ECF No. 1, PageID.9.)  Plaintiff alleges that the two officers filed a report, but he does **not** allege that they made any untrue statements in the report.  (*Id.*)  Instead, the complaint alleges that Tisdale and Pletcher took no further action on the incident.  (*Id.* at PageID.10.)  These facts cannot sustain a claim for abuse of process.  *See, e.g., Riss v. City of New York*, 240 N.E.2d 860 (N.Y. Ct. App. 1968) (liability against police cannot be based on a nonfeasance, only a misfeasance).

Similarly, in order to sustain a malicious prosecution claim, one element that must be alleged is that "the defendant 'ma[d]e, influence[d], or participate[d] in the decision to prosecute.'" *Curran v. City of Dearborn*, 957 F. Supp. 2d 877, 886 (E.D. Mich. 2013) (Lawson, J.) (alterations in original) (quoting *Sykes v. Anderson,* 625 F.3d 294, 308 (6th Cir. 2010) (citation omitted)).  If Plaintiff does not allege "that a defendant participated in the decision to detain or prosecute the plaintiff, the plaintiff cannot prevail on a Fourth Amendment malicious prosecution claim against that defendant." *Id.*  To that end, "[i]t is not necessary that the defendant himself make the decision to prosecute the plaintiff; however, '[t]o be liable for 'participating' in the decision to prosecute, the officer must participate in a way that aids the decision, as opposed to passively or neutrally

10

participating.'" *Id.* at 886-87 (quoting *Sykes,* 625 F.3d at 308 n.5).  As stated above, Plaintiff's complaint indicates that Tisdale and Pletcher took no further action after filing the police report.  Indeed, Plaintiff specifically asserts that it was Defendant Santiago who prepared the complaint and swore to the allegations in the complaint.  (*Id.* at PageID.9-10.)  The complaint also alleges that Defendant Santiago "felt pressured to pursue the complaint, even though there was not sufficient evidence to support it."  (*Id.* at PageID.11.)

Other than these allegations, the complaint makes no assertions that Defendants Tisdale and Pletcher were involved in any way in the arrest or prosecution of Plaintiff.  To the extent Plaintiff makes general assertions about "Defendants," such generalized allegations are not sufficient to state a claim against Tisdale and Pletcher.  Although "using collective references is not an impermissible pleading form *per se*[,]" *In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1162 (S.D. Fla. 2019), on the issue of individual involvement, "it is insufficient to make generic or blanket allegations pertaining to 'defendants' or allegations lumping together individual defendants[,]" and "mere citation to each individual defendant's job description—without an accompanying allegation showing how each defendant failed to comply with his or her job description—is insufficient." *Rouse v. Washington*, No. 20-CV-11409, 2021 WL 2434196, at *8 (E.D. Mich. June 15, 2021) (Goldsmith, J.).

"Even pro se complaints must satisfy basic pleading requirements." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "A complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory*." Id.* (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).  Here, the lack of any particularized facts mentioning Defendants Tisdale or Pletcher means that Plaintiff has failed to state a claim against them upon which relief may be granted.  *See Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir. 2002) ("Frazier's complaint contained no specific facts in support of his conclusory allegations that the defendants violated his constitutional and statutory rights. Moreover, Frazier failed to allege with any degree of specificity [as to] which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights."); *see also Vartinelli v. Aramark Corr. Servs., LLC,* No. 18-CV-10964, 2019 WL 1402653, at *8 (E.D. Mich. Mar. 28, 2019), *aff'd*, 796 F. App'x 867 (6th Cir. 2019) ("Plaintiffs' Complaint throughout speaks collectively of the conduct of the 'Defendants' and there are no allegations specifically related to any personal involvement of any of the individual Defendants . . . [but,] '[i]In order for liability to attach to any of these supervisors, Plaintiff must prove that they did more than play a passive role in the alleged violations or show mere tacit approval of the goings on.  Plaintiff must show that

the supervisors somehow encouraged or condoned the actions of their inferiors.'")
(quoting *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)).

Accordingly, Plaintiff has failed to allege facts sufficient to state an abuse of process or malicious prosecution claim against Tisdale or Pletcher and the Court should grant the motion to dismiss under Rule 12(b)(6).

### c.    Count II: *Monell* Claim

Plaintiff's *Monell* claim is brought purportedly against "the City of Flint and the Flint Police Department."  (ECF No. 1, PageID.14.)  As discussed above, however, the Flint Police Department is not a proper entity to be sued and, further, Plaintiff has not properly brought suit against the City of Flint.  Even assuming *arguendo*, that the City of Flint had been properly sued and served, Plaintiff's complaint fails to articulate *any* facts to set forth a *Monell* claim for failure to train under 42 U.S.C. § 1983.  There are no specific factual allegations whatsoever listed for this claim, and the Count asserts only generally that Plaintiff's rights were violated due to the City of Flint's and the Flint Police Department's failure to train "how to properly investigate a crime and ensure there is proper evidentiary support prior to filing and/or requesting a complaint be filed." (ECF No. 1., PageID.15.)

To prevail in a § 1983 claim against a municipality, a plaintiff must show that the corporation had a "policy" or "custom" that caused the plaintiff's injury. *Monell*, 436 U.S. at 694.  Specifically, a plaintiff must "identify the policy, connect

13

the policy to the city itself[,] and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1994) (internal quotation marks and citations omitted). "A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified the illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

A "[p]laintiff may not simply include a *Monell* claim in h[er] Complaint as a matter of course by making the conclusory allegation that the alleged constitutional deprivations were due to a policy or custom of the [municipality]. Rather, Plaintiff must allege some actual facts suggesting as much." *Sistrunk v. City of Hillview*, 545 F. Supp. 3d 493, 501 (W.D. Ky. 2021) (quoting *Grandizio v. Smith*, No. 14-3868, 2015 WL 58403, at *6 (D.N.J. Jan. 5, 2015) (alterations in original) (also citing *Anthony v. Roberson*, 26 F. App'x 419, 422 (6th Cir. 2001) ("conclusory allegations are insufficient to state an arguable claim that an unconstitutional governmental policy caused Anthony's illegal arrest"); *Brown v. Cuyahoga County*, 517 F. App'x 431, 436 (6th Cir. 2013) (affirming dismissal of *Monell* claim based on "nothing more than a bare recitation of legal standards")).

Here, even if Plaintiff had brought suit against the proper entity, his allegations are too conclusory and generalized to support a *Monell* cause of action. The Court should dismiss Count II.

### d. Count III: Equal Protection

Plaintiff brings Count III against unspecified defendants for a violation of his Equal Protection Rights pursuant to 42 U.S.C. § 1983. (ECF No. 1, PageID.15-16.) "'Section 1983 provides a cause of action against any person who, under color of state law, deprives an individual of any right, privilege, or immunity secured by the Constitution and federal law.'" *Regets v. City of Plymouth*, 568 F. App'x 380, 386 (6th Cir. 2014) (quoting *McKnight v. Rees*, 88 F.3d 417, 419 (6th Cir. 1996)).

> The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." This provision thus requires that all similarly situated individuals be treated similarly. *City of Cleburne, Tex. v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).

*PHN Motors, LLC v. Medina Twp.*, 498 F. App'x 540, 548 (6th Cir. 2012). The Equal Protection Clause of the Fourteenth Amendment "prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Umani v. Mich. Dep't of Corrections*, 432 F. App'x 453, 458 (6th Cir. 2011).

Plaintiff's Equal Protection claim consists of four sentences, and the only factual allegations are that "Defendant's conduct toward Plaintiff including but not limited to falsely asserting under oath the Plaintiff had assault and battered one Tiffany Williams" and "Defendant's actions and/or omissions denied Plaintiff equal protection under the law as Plaintiff suffered injuries because of his disparate treatment." (ECF No.1, PageID.16.) These allegations amount to little more than than "labels and conclusions," and a "formulaic recitation of the elements of a cause of action" (which has hardly even been accomplished here) is not enough to survive a motion to dismiss. *Twombly*, 550 U.S. 544, 555 (2007). As such, the Court should dismiss Count III, as Plaintiff's conclusory allegations are simply insufficient to state an Equal Protection claim.

### e. Counts IV & V; State law claims for Negligent and Intentional Infliction of Emotional Distress

Finally, Defendant argues that the Court should retain jurisdiction over the state law claims and dismiss them for failing to comply with the statute of limitations.

"[A] motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). "But, sometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case . . . dismissing the claim under Rule

16

12(b)(6) is appropriate." *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) ("If the allegations ... show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]")).

When the district court "has dismissed all claims over which it has original jurisdiction," the court "may decline to exercise supplemental jurisdiction over" state law claims. 28 U.S.C. § 1367)(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir. 1996)) (quotation marks omitted). "After a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims." *Musson Theatrical, Inc.*, 89 F.3d at 1255.

After dismissing all the federal claims in this case, the Court should also decline to exercise supplemental jurisdiction over the state law claims. Defendants invite the Court to consider their statute of limitations argument, but such an invitation should be declined. Defendants' statute of limitations argument involves an analysis of the relative dates and claims asserted in this action, some of which are not clear from the complaint. For example, the complaint does not make clear when Plaintiff's FOIA request was made, or when the response was received,

which—potentially—could be relevant to a fair analysis of the statute of limitations argument.  Moreover, given the pendency of the criminal action against Plaintiff, and the subsequent civil case brought in this district and then dismissed by stipulation, the statute of limitations argument also implicates possible tolling and other factual issues not fairly briefed in the materials before the Court.  In any event, "[o]ut of comity to state courts, this circuit applies a 'strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed.'" *Oberer Land Devs. Ltd. v. Sugarcreek Twp.*, Ohio, No. 21-3834, 2022 WL 1773722, at *6 (6th Cir. June 1, 2022) (citing *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011)).  Assuming that the Court agrees with the recommendation that all federal claims should be dismissed for failure to state a claim, the Court should decline to wade into the Statute of Limitations argument with respect to the state law claims out of considerations of comity.[1]

Accordingly, the Court should decline supplemental jurisdiction over the remaining state law claims and dismiss them without prejudice to being refiled in state court.

---

[1] For similar reasons, since all federal claims should be dismissed for failure to state a claim, the Court should decline to address Defendants' alternative argument that all claims except the malicious prosecution claim are time-barred.

### 2.    Defendant Santiago's motion to dismiss (ECF No. 39)

At the time the initial motion to dismiss was filed, Defendant Douglas Santiago had not yet been served.  Following service, Defendant Santiago filed his own motion to dismiss.  (ECF No. 39.)  In his motion, he states that the claims against him fail to state a claim on which relief can be granted for similar reasons as those stated by the other Defendants.[2]

### a. Count I: Malicious Prosecution and Abuse of Process

### 1. Malicious Prosecution

Although Defendant Santiago makes several arguments in his motion to dismiss, I will begin with his argument that Plaintiff has failed to state a claim for malicious prosecution against him, as this claim is essentially the gravamen of Plaintiff's complaint.

"Freedom from malicious prosecution is a clearly established Fourth Amendment right." *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (citing *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010)). To succeed on a malicious prosecution claim, a plaintiff must prove the following:

> (1) the defendant made, influenced, or participated in the decision to prosecute the plaintiff; (2) there was no probable cause for the criminal

---

[2] Defendant's brief does not comply with the local rules which require font size, including all text and footnotes, to be no smaller than 14 point for proportional font.  E.D. Mich. LR 5.1(a)(3).  Counsel is cautioned that failure to abide by this requirement in the future may result in any noncompliant briefs being stricken from the docket.

prosecution; (3) as a consequence of the legal proceedings, the plaintiff suffered a deprivation of liberty apart from the initial arrest; and (4) the criminal proceeding was resolved in the plaintiff's favor.

*Id.* (citing *Sykes,* 625 F.3d at 308-09).  The only element which Defendant challenges is the second.  Defendant argues that Plaintiff's complaint does not contain sufficient factual allegations which, accepted as true, state a claim to relief for malicious prosecution that is plausible on its face because, according to Defendant, based on the facts as alleged in Plaintiff's complaint, probable cause existed to bring criminal charges for domestic violence assault on Williams.

Michigan law provides that "an individual who assaults or assaults and batters his or her spouse or former spouse, an individual with whom he or she has or has had a dating relationship, an individual with whom he or she has had a child in common, or a resident or former resident of his or her household, is guilty of a misdemeanor . . ." Mich. Comp. Laws. § 750.81(2).  Defendant contends there was probable cause to charge Plaintiff with this crime based on the following facts, which he takes from the complaint:

- Williams alleged she was assaulted by Cummings at her home, they were in a dating relationship at the time. [ECF 1, PageID.8.][3]

---

[3] For consistency, Defendant's citation system, which cites to internal pages of the Complaint, have been replaced with citations to PageIDs, <u>as required by R6 of Electronic Filing Policies and Procedures of this District</u>.

- Police were dispatched to Williams' place of employment and took a report regarding the assault. [*Id*. at PageID.9.]

- The police report noted that the officers observed Williams to have marks on her neck, scratches on her back, side of her face and a swollen right eye. [*Id*. at PageID.20.]

- Williams *secured a PPO against Cummings* and same was in effect when she was interviewed by Santiago. [*Id*. at PageID.9-10.]

- Cummings *was bound over after a preliminary examination*. [*Id*. at PageID.10.]

- Cummings entered a no contest plea to disorderly conduct. (The plea was accepted. The conviction later was vacated and the case was recharged.) [*Id*. at PageID.11.]

(ECF No.39, PageID.161.)

Plaintiff argues that no probable cause existed for the charge, based largely on the fact that he was subsequently acquitted (*after* initially pleading no contest, appealing that plea, and getting recharged). However, whether someone was later acquitted is irrelevant to whether probable cause existed for the initial arrest or prosecution. *See, e.g., Smith v. Aims*, No. 20-12013, 2022 WL 866398, at *5 (E.D. Mich. Mar. 23, 2022) (Goldsmith, J., accepting the R&R of Grand, M.J.) (citing *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979) ("The validity of the arrest does

not depend on whether the suspect actually committed a crime; the mere fact that

the suspect is later acquitted of the offense for which he is arrested is irrelevant to

the validity of the arrest.").

Plaintiff also intimates that the handwritten note from Defendant Santiago

shows a lack of probable cause.  In the complaint, Plaintiff contends that, in

response to a FOIA request, he received a copy of the original complaint filed by

Defendant Santiago on June 19, 2018.  (ECF No.1, PageID.10.)  According to

Plaintiff, attached to the criminal complaint is a handwritten note, signed by

Santiago, stating, "Just heads up, parents – out county LE & insist we do

something even though she made 1st physical assault throwing shoe box – so

submitting for review [smiley face]."  (*Id.*)  This factual assertion alone, however,

is not enough to articulate a claim for malicious prosecution, or to negate the

existence of probable cause.  Probable cause, as the Supreme Court has stated,

"means more than bare suspicion: Probable cause exists where the facts and

circumstances within . . . the officers' knowledge and of which they had

reasonably trustworthy information are sufficient in themselves to warrant a man

of reasonable caution in the belief that an offense has been or is being committed."

*Brinegar v. United States*, 338 U.S. 160, (1949) (citations and internal quotation

marks omitted).  "Whether there exists a probability of criminal activity is assessed

under a reasonableness standard based on 'an examination of all facts and

22

circumstances within an officer's knowledge at the time of an arrest.'" *Thacker v. City of Columbus*, 328 F.3d 244, 255 (6th Cir. 2003) (quoting *Crockett v. Cumberland Coll.*, 316 F.3d 571, 580 (6th Cir. 2003) (citation omitted)).  "The Fourth Amendment does not require that a police officer know a crime occurred at the time the officer arrests or searches a suspect . . . . The Fourth Amendment, after all, necessitates an inquiry into probabilities, not certainty." *United States v. Strickland*, 144 F.3d 412, 415 (6th Cir. 1998).

The fact that Williams threw the shoebox first is not the only fact that matters in the probable cause determination. According to the complaint, and the police report attached thereto, Williams described an escalating scenario where, after she threw the shoebox, Plaintiff allegedly "grabbed her by the neck and 'slammed her head into the wall.'" (ECF No. 1, PageID.20.)  She stated that Plaintiff squeezed his hand around her neck, and Officer Tisdale observed she had red marks on both sides of her neck and scratches on the back of her neck.  (*Id.*) Tisdale also stated in his report that Williams right eye appeared to be swollen and she had red marks on the side of her face, along with white flakes in her hair that Williams said came from the wall when Plaintiff slammed her into it. (*Id.*)  This information, along with the fact that at the time Williams spoke to Santiago Plaintiff had a PPO against him, is enough to constitute probable cause.

It is immaterial that Williams threw an empty shoe box first, or that one or both of her parents were in law enforcement. Neither fact negates the probable cause nor is either fact exculpatory. It might be that probable cause may have also existed to arrest Williams based on alleged initiation of the altercation. Yet, probable cause can exist to press charges against more than one person. *See Lester v. Roberts*, 986 F.3d 599, 611 (6th Cir. 2021) ("[J]ust because the police have more than one potential suspect does not mean that they lack probable cause for all of the suspects.") (citing *Maryland v. Pringle*, 540 U.S. 366, 371–72, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003)).

Plaintiff suggests that Sgt. Santiago should have done further investigation, but once probable cause is established, there is no duty to investigate further. "Where the police have sufficient inculpatory evidence to give rise to a determination of probable cause and they do not know of any exculpatory evidence, we have held that 'the failure to make a further investigation does not negate probable cause.'" *Klein v. Long*, 275 F.3d 544, 552 (6th Cir. 2001) (citing *Coogan v. City of Wixom*, 820 F.2d 170, 173 (6th Cir. 1987) (internal quotation omitted) *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). "[T]o have probable cause to arrest, a police officer must take into account all the evidence—both inculpatory and exculpatory—that he has at the time of the arrest." *Klein*, 275 F.3d at 552 (6th Cir. 2001). Taking all of the

known evidence into account, based on the allegations as stated in Plaintiff's complaint, Defendant Santiago had sufficient probable cause to bring charges against Plaintiff for a domestic violence assault and the malicious prosecution claim against him does not state a claim on which relief can be granted.

### 2.  Abuse of Process

Plaintiff also asserts an abuse of Process claim against Defendant Santiago under Count I.  The elements for abuse of process are: "(1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding." *Friedman v. Dozorc*, 412 Mich. 1, 30, 312 N.W.2d 585, 594 (1981). As this Court has held, "[f]or an abuse-of-process claim, the misconduct 'is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish.'" *Curran*, 957 F. Supp. 2d at 887 (quoting *Friedman*, 312 N.W.2d at n.18 (internal citation omitted)).  Thus, "[a]n 'action for the abuse of process lies for the improper use of process after it has been issued, not for maliciously causing it to issue.'" *Id.* (quoting *Spear v. Pendill*, 164 Mich. 620, 623, 130 N.W. 343, 344 (1911)).

"The ulterior purpose must be demonstrated by a corroborating act that is alleged with specificity; bad motive alone is insufficient proof." *DirecTV, Inc. v. Zink*, 286 F. Supp. 2d 873, 875–76 (E.D. Mich. 2003) (Feikins, J.) (citing *Vallance*

*v. Brewbaker*, 161 Mich. App. 642, 411 N.W.2d 808 (1987); *Young v. Barker*, 158

Mich. App. 709, 405 N.W.2d 395 (1987)).  *At most*, Plaintiff pleads only a bad

motive on behalf of Defendant Santiago in bringing criminal charges. Plaintiff

"fails to plead an act in the use of the process that is improper in the regular

prosecution of the proceeding." *Id.*  As such, the claim for abuse of process should

be dismissed.

### b.  Count III: Equal Protection

Defendant Santiago also moves for dismissal of the Equal Protection claim

asserted against him.  For the reasons stated above, Plaintiff has failed to articulate

facts sufficient to state a claim that Defendant violated Plaintiff's rights by making

any "distinctions that (1) burden a fundamental right; (2) target a suspect class; or

(3) intentionally treat one individual differently from others similarly situated

without any rational basis." *Umani v. Mich. Dep't of Corrections*, 432 F.App'x

453, 458 (6th Cir. 2011).  This claim should be dismissed.

### c.  Counts IV and V: State Law claims for negligent and intentional infliction of emotional distress

Like his co-defendants, Defendant Santiago argues that the Court should

retain jurisdiction over his state law claims and dismiss them as barred by the

statute of limitations.  For the reasons set forth above, the Court should reject this

argument and dismiss the state law claims without prejudice.  As previously noted,

"[w]hen all federal claims are dismissed before trial, the balance of considerations

26

usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel*, 625 F.3d at 952 (quoting *Musson Theatrical, Inc.*, 89 F.3d at 1254–1255) (quotation marks omitted). The Court should find in this case—which was filed less than a year ago—that the balance of considerations points to declining supplemental jurisdiction.

### D. Conclusion

The Court should **GRANT** Defendants' initial motion to dismiss (ECF No. 21) and Defendant Santiago's motion to dismiss (ECF No. 39) by: (1) dismissing Counts I-III for failure to state a claim on which relief can be granted; and, (2) declining to exercise supplemental jurisdiction over Counts IV and V, dismissing them without prejudice to being refiled in state court.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  January 11, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE