UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY L. CUMMINGS,

        Plaintiff,                             Case Number 23-10514

v.                                                   Honorable David M. Lawson

FLINT POLICE DEPARTMENT, MICHAEL
TISDALE, JASON PLETCHER, and
DOUGLAS SANTIAGO,

        Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION, VACATING ORDER STRIKING LATE OBJECTIONS, AND OVERRULING PLAINTIFF'S OBJECTIONS TO RECOMMENDATION OF DISMISSAL

On January 11, 2024, Magistrate Judge Anthony P. Patti issued a report under 28 U.S.C. § 636(b) recommending that the Court grant the defendants' motions to dismiss, dismiss Counts I, II, and III of the complaint with prejudice, and dismiss Counts IV and V without prejudice. The report advised the parties that they could file objections within 14 days after service, as provided by Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d). On February 6, 2024 — 26 days after the report was issued and served — the Court, having received no objections, entered an order adopting the recommendation and dismissing the case.

Two weeks after the case was dismissed, on February 20, 2024, the Clerk of Court received the plaintiff's objections to the report and recommendation and his notice of change of address. The Court issued a notice at the outset of this case advising the parties that "you are required, pursuant to E.D. Mich. LR 11.2, to promptly file a notice with the Clerk and serve a copy of the notice on all parties whenever your address, e-mail address, phone number and/or other contact information changes." Notice Regarding Parties' Responsibility to Notify Court of Address

Changes, ECF No. 7.  The Court observed that the notice of address change was not presented to the Court until 40 days after the report was issued, and more than two weeks after the Court's ruling was issued.  Because the plaintiff's objections were filed beyond the 14-day window for presenting objections, the Court found that the failure to present timely objections released the Court from its duty to independently review the matter, *Thomas v. Arn*, 474 U.S. 140, 149 (1985), and waived any further right to appeal, *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Because the case already had been dismissed and the file was closed, the Court struck the untimely objections from the record.

On March 5, 2024, the plaintiff filed a motion for reconsideration of the order striking his objections.  In his motion, the plaintiff indicated that on February 9, 2024 he received an email from the Court's case manager informing him that he would be permitted to file untimely objections to the report and recommendation.  The plaintiff says that this email was the first notice he received that a report and recommendation had been issued by the magistrate judge, and that he promptly filed his objections, which were received and docketed by the Clerk of Court 11 days after the email communication.

Under Eastern District of Michigan Local Rule 7.1, "[m]otions for reconsideration of non-final orders are disfavored . . . and may be brought only upon the following grounds: (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision; (B) An intervening change in controlling law warrants a different outcome; or (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. LR 7.1(h)(2).

The Court has reviewed the record of the proceedings and the correspondence that prompted the plaintiff's motion for reconsideration and finds that new facts now presented by the plaintiff establish good grounds for reconsideration of the order striking the plaintiff's late objections. The Court's order striking the late objections will be vacated.

But after reviewing the substance of the objections and giving the issues raised fresh review, the Court finds that the plaintiff has not stated cognizable claims in his complaint. The plaintiff's objections to the dismissal of the case therefore will be overruled.

I.

The magistrate judge's report included a thorough review of the facts discernible from the pleadings. A brief summary, however, follows.

The plaintiff sued the City of Flint Police Department, and police officers Michael Tisdale, Jason Pletcher, and Douglas Santiago based on the defendant police officers' investigation of a domestic dispute between the plaintiff and a complaining witness, Tiffany Williams, which occurred on May 19, 2018. According to the complaint, after a physical altercation occurred at Ms. Williams's home, Williams did not call the police, but instead informed staff in the labor department of General Motors (GM), where both Williams and Plaintiff worked. GM staff asked if Williams wanted medical assistance and, after she declined, the staff informed Williams that company policy required them to contact the police.

Defendants Officers Tisdale and Pletcher were dispatched, took Williams's statement, and told her that she would need to go to the Flint Police Department to make a formal complaint. Tisdale and Pletcher filed a police report about the witness interview, then took no further action on the incident.

On May 31, 2018, Williams obtained a Personal Protection Order ("PPO") against the plaintiff, and on June 11, 2018, she went to the Flint Police Department and met with defendant Sergeant Douglas Santiago. Santiago "prepared a complaint on June 19, 2018, went before a magistrate, and swore to the allegations in the complaint." A preliminary examination was held, and the plaintiff was bound over for trial.

The plaintiff initially entered a no contest plea to disorderly conduct, and the plea was accepted, but the conviction later was vacated, and the case was recharged after the plaintiff withdrew his plea. After a jury trial, the plaintiff was acquitted on November 9, 2021. In response to a FOIA request, the plaintiff received a copy of the original criminal complaint that was filed by Santiago. The plaintiff did not indicate when he made the FOIA request or when he received the response. The plaintiff alleged, however, that handwritten notes made by Santiago in the margins of the report "were not disclosed" during discovery or at the criminal trial, and that Santiago "felt pressured to pursue the complaint, even though there was not sufficient evidence to support it," because the "alleged victim's father is a policeman." The plaintiff said that when Santiago called him about Williams's complaint, the plaintiff denied assaulting Williams and insisted that he was trying only to "restrain" her from "attacking" him due to her anger about the plaintiff's supposed involvement with another female GM employee.

The plaintiff alleges that his federal constitutional rights were violated because Tisdale, Pletcher, and Santiago "failed to investigate" the allegations of assault and made no effort to uncover any "exculpatory evidence" that might have proven the falsity of Williams's assault accusation. The complaint pleads claims for abuse of process and malicious prosecution via 42 U.S.C. § 1983 (Count I); a municipal liability claim against the Flint Police Department under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (Count II); a claim alleging

violations of the Equal Protection Clause of the Fourteenth Amendment against all defendants (Count III); and state law claims for intentional and negligent infliction of emotional duress against all defendants (Counts IV and V).

The complaint was filed on March 2, 2023 and the Court referred the matter to the assigned magistrate judge for pretrial management on April 7, 2023. On April 27, 2023, the Flint Police Department and defendants Tisdale and Pletcher jointly filed a motion to dismiss. After defendant Santiago was served, he filed his own motion to dismiss on July 19, 2023. On February 6, 2024, the Court adopted the magistrate judge's recommendation to grant the defendants' motions and dismissed the complaint. The plaintiff filed his objections to the dismissal on February 20, 2024, and a motion for reconsideration of the order striking his late objections on March 5, 2024. The matter now is before the Court for a fresh review.

II.

The magistrate judge recommended that the Court grant the defendants' motions to dismiss, dismiss the plaintiff's claims under federal law with prejudice, and dismiss the state law claims without prejudice. The plaintiff has stated objections to various discrete parts of the magistrate judge's analysis which coalesce around several common arguments that are repeated throughout. The plaintiff argues that: (1) the pleadings sufficiently identified the "Flint Police Department" as a party defendant, contrary to the magistrate judge's conclusion that the plaintiff failed to name any municipal entity amenable to suit under 42 U.S.C. § 1983, (2) the plaintiff "repeatedly has requested" the appointment of counsel to assist with his case, and a lawyer's assistance would allow him to cure the deficiencies in the pleading of his several causes of action, (3) the lack of sufficient factual detail to support the pleaded claims could be cured with the benefit of information that may be uncovered in discovery, (4) the plaintiff sufficiently has made out a

case that the defendant police officers misused legal process and were deliberately indifferent to his constitutional rights by failing to make any effort at all to identify "exculpatory evidence" that might have been uncovered if they had undertaken any effort at investigation beyond taking a statement from a complaining witness, and (5) the plaintiff's claim for municipal liability adequately is supported by the alleged conduct of the defendant police officers, which is self-evident proof that they were not trained sufficiently in proper methods for conducting a police investigation.

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d 947, 950 (6th Cir. 1981), enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith*, 829 F.2d at, 1373).

The Court has considered all of the objections and finds that they are without merit.

The defendants filed their motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Under that rule, the Court is called upon to determine if the "complaint . . . contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A "claim is facially plausible when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matthew N. Fulton, DDS, P.C. v. Enclarity, Inc.*, 907 F.3d 948, 951-52 (6th Cir. 2018) (quoting

*Iqbal*, 556 U.S. at 678). When reviewing the motion, the Court "must construe the complaint in the light most favorable to the plaintiff and accept all [factual] allegations as true." *Donovan v. FirstCredit, Inc.*, 983 F.3d 246, 252 (6th Cir. 2020) (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012)).

When deciding a motion under Rule 12(b)(6), the Court looks only to the pleadings, *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008), the documents attached to them, *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)), documents referenced in the pleadings that are "integral to the claims," *id.* at 335-36, documents that are not mentioned specifically but which govern the plaintiff's rights and are necessarily incorporated by reference, *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002), and matters of public record, *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010). However, beyond that, assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).

Applying these rules, the plaintiff's complaint fails to plead plausibly any viable claim for relief.

First, the plaintiff has not cited any legal authority holding contrary to the magistrate judge's conclusion that the "City of Flint Police Department" (the only organizational defendant named in the complaint) is not an entity amenable to suit. The plaintiff asserts that his pleadings "made clear" that he "was at least suing the Flint Police Department," but that argument merely reaffirms the pleading deficiency that the magistrate judge identified, namely that the complaint

failed to identify the City of Flint as a defendant, and that the record discloses no evidence that service of process ever was attempted on the City.

It is well settled that municipal agencies of cities in the State of Michigan are not legally distinct entities amenable to suit under section 1983. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) ("Van Buren Township Police Department is subsumed within Van Buren Township as a municipal entity to be sued under § 1983, and thus the Police Department was improperly included as a separate defendant in [the plaintiff's] suit."). The magistrate judge correctly determined that the plaintiff failed to name or complete service of process on any municipal entity amenable to suit under section 1983.

Second, the plaintiff's objections fail to address the magistrate judge's alternative conclusion that a *Monell* claim could not be sustained by the pleaded facts even if the plaintiff had named the City of Flint as a defendant. To prevail on a claim for municipal liability, the plaintiff must allege the existence of "an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified the illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). There are no facts discernible from the pleadings plausibly suggesting the contours of any viable *Monell* claim under that familiar rubric for liability based on a municipal custom or policy.

Third, the magistrate judge properly conclusded that the complaint does not plead facts demonstrating the personal involvement of defendants Tisdale and Pletcher in any constitutional violation. As discussed above, the plaintiff alleges nothing more than that Tisdale and Pletcher were dispatched on a call, took a statement from a complaining witness, advised the witness that

she would have to go to the police department to file a formal report, and then filed a report about the witness interaction. As the magistrate judge observed, the pleadings conspicuously lack any allegations that officers Tisdale or Pletcher made any statements in their reports that were factually untrue, and the complaint also does not allege that Tisdale or Pletcher had any other involvement in advancing the criminal prosecution against the plaintiff. It is axiomatic that in order to recover against an individual defendant under section 1983, the plaintiff must prove that the defendant's "own individual actions [] violated the Constitution." *Ashcroft*, 556 U.S. at 676 . The complaint here specifically alleges that it was Santiago who swore out the criminal complaint, and no facts were pleaded suggesting that Tisdale or Pletcher had any involvement in instigating the criminal prosecution. The pleadings fail to establish the premise of personal involvement in any wrongful conduct by defendants Tisdale or Pletcher.

Fourth, the complaint fails plausibly to plead facts sufficient to sustain the elements of a malicious prosecution claim against any of the individual defendants, including defendant Santiago. To prevail on a Fourth Amendment malicious prosecution claim, the plaintiff must prove "(1) that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute; (2) that there was a lack of probable cause for the criminal prosecution; (3) that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) that the criminal proceeding must have been resolved in the plaintiff's favor." *Mills v. Barnard*, 869 F.3d 473, 480 (6th Cir. 2017) (quotations omitted). "The prototypical case of malicious prosecution involves an official who fabricates evidence that leads to the wrongful arrest or indictment of an innocent person." *Ibid.* As to each defendant individually named, the plaintiff must allege that "the defendant made,

influenced, or participated in the decision to prosecute." *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quotation marks omitted).

As the magistrate judge observed, the plaintiff failed to plead specific facts establishing either that there was a lack of probable cause for a criminal prosecution, or that Santiago (or Tisdale or Pletcher) made any factually inaccurate or untrue statements either in the sworn criminal complaint or any associated police reports. Furthermore, the plaintiff specifically pleaded that he was bound over for trial after a preliminary examination, which forecloses any claim for malicious prosecution premised on a lack of probable cause. *Parnell v. City of Detroit*, 786 F. App'x 43, 47 (6th Cir. 2019) ("[A] bindover determination after a preliminary hearing, or a grand jury indictment, proves the existence of probable cause sufficient to call for trial on the charge and forecloses a claim for malicious prosecution.") (citing *King v. Harwood*, 852 F.3d 568, 587-88 (6th Cir. 2017)). The complaint also fails to identify any way in which the defendants mischaracterized, misconstrued, or obfuscated any portion of the complaining witness statements conveyed to them by Williams. To prevail on a claim for malicious prosecution premised on falsehoods or omissions, the plaintiff must prove that an arresting officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that created a falsehood and such statements or omissions were material, or necessary, to the finding of probable cause." *Sykes*, 625 F.3d at 305 (quoting *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000)). The plaintiff has not identified any false or misleading statement made by any defendant in the complaint or police reports, and he has not pleaded any specific facts illuminating how any factual discrepancies were essential to the finding of probable cause.

The plaintiff also contends that the defendants "failed to further investigate" Williams's complaint and made no effort to identify unspecified "exculpatory evidence" that would have

proven his innocence on charges of domestic assault. It is true that the probable cause assessment must account for "all the evidence — both inculpatory and exculpatory — that [the officer] has at the time of the arrest." *Klein v. Long*, 275 F.3d 544, 552 (6th Cir. 2001) (quotation marks omitted). But "[w]here the police have sufficient inculpatory evidence to give rise to a determination of probable cause and they do not know of any exculpatory evidence, . . . the failure to make a further investigation does not negate probable cause." *Ibid.* Furthermore, "[o]nce probable cause is established, an officer is under no duty to investigate further or to look for additional evidence which may exculpate the accused." *Ahlers v. Schebil*, 188 F.3d 365, 371 (6th Cir. 1999); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act."). The plaintiff's allegations that the defendants took Williams's narrative at face value notwithstanding the plaintiff's denial of any criminal wrongdoing, and that they declined to "further investigate" the case to discover evidence favorable to him, are insufficient as a matter of law to establish any viable constitutional claim for prosecution without probable cause.

Fifth, the Court agrees with the magistrate judge's conclusion that the minimalist pleading of a purported "equal protection" claim — which in its entirety comprises merely four sentences — consists of nothing more than the bare recital of the elements of a constitutional claim devoid of any factual detail. As the magistrate judge aptly observed, the allegations in question amount to little more than "labels and conclusions," and it is fundamental that the mere "formulaic recitation of the elements of a cause of action" is insufficient survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

Sixth, the plaintiff insists that he could cure all of the pleading deficiencies identified by the magistrate judge if only the Court would indulge his requests for appointment of *pro bono*

counsel and allow "limited discovery" to uncover facts that would support his claims. But that argument puts the cart before the horse, because in order to surmount the hurdle of a pleading test under Rule 12(b)(6) and proceed to discovery, the plaintiff first "must plead facts sufficient to raise a reasonable expectation that discovery will reveal evidence of the alleged wrongdoing." *Schwamberger v. Marion Cnty. Bd. of Elections*, 988 F.3d 851, 856 (6th Cir. 2021). The facts made out by the pleadings here do not raise any reasonable expectation that further development of the record would produce evidence to support any viable constitutional claim, and the plaintiff has offered nothing more than speculation that undiscovered, unspecified, and unknown evidence that he hopes to obtain somehow might support his case.

As to the plaintiff's requests for the assistance of counsel, "'appointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). The Court finds that the plaintiff's arguments sufficiently are presented by his filings, and the pleadings plainly disclose the contours of the claims that the plaintiff has attempted to plead so that their merits may be addressed by the Court. The plaintiff simply has failed to identify any *facts* that would satisfy the elements of those putative claims, and the objections and other papers supply no grounds for any reasonable belief that the assistance of counsel would allow him to bolster the substance of his case. The Court is not persuaded that there was any error in the denial of the plaintiff's requests for *pro bono* representation, and the absence of counsel is no obstacle to resolution of the case.

Finally, the plaintiff's objections do not address the magistrate judge's recommendation that the Court should decline to exercise supplemental jurisdiction over the state law claims where all of the claims under federal law are subject to dismissal. As the Sixth Circuit repeatedly has

held, as a matter of general principle, "[i]f [all of] the federal claims [in the case] are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quotations marks omitted).

### III.

The plaintiff has established good grounds for reconsideration of the Court's order striking his late objections. However, all of his objections to the magistrate judge's recommendation for dismissal of the complaint are without merit.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration (ECF No. 52) is **GRANTED IN PART**, and the order striking the plaintiff's late objections (ECF No. 51) is **VACATED**. The plaintiff's motion is **DENIED** in all other respects, the objections (ECF No. 50) are **OVERRULED**, and the judgment of dismissal stands.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   May 23, 2024